1844.

WESTERVELT
v.
HAFF.

WESTERVELT, JR. *v.* HAFF and others.

Even though an appeal from a decree made by the vice-chancellor may affect unjustly a third party (defendant)—as where a first mortgagee is fully recognized, but the mortgagor appeals so as to cover the phraseology which applies to his security and payment and obtains a stay—the vice-chancellor cannot relieve him: he must apply to the chancellor.

BILL of foreclosure. A mortgage for $1000 had been made to the complainant by the defendants John P. Haff and wife on certain undivided real estate and a part of which estate was known as No. 38 McDougall street, New York. A prior mortgage had been executed by the same parties on the last mentioned property to Francis W. Speck, who was made a defendant and had put in an answer and who was recognized as a prior incumbrancer as to No. 38 McDougall street.

A decree for sale had been obtained ; and in it would be found the following passages :

" —— *It is ordered, adjudged and decreed and this court, by virtue of the power and authority therein vested, doth order, adjudge and decree that the said mortgage to the said complainant for $1000 became and was a good and valid lien in equity upon the said two lots numbers* 185 *Prince street and* 38 *McDougall street, more particularly described in the bill of complaint in this cause and also hereinafter described upon the purchase by and the conveyance to the said John P. Haff of the same as aforesaid and that the same is a prior lien in equity to the said mortgage of the said defendant Abigail Haff for the sum of* $1450. *And that the said complainant is entitled to the payment of the principal and interest due on the said bond and mortgage out of the said last mentioned lots Nos.* 185 *Prince street and* 38 *McDougall street after the satisfaction of the said mortgages to the said defendants Francis W. Speck and Hiram Walworth*" —— " (*decreed*) *that all and singular the said premises Nos.* 185 *Prince street and* 38 *McDougall*

*Dec. 26, 1844.*

*Practice.
Appeal.
Jurisdic-
tion.
Mortgage.*

1844.

WESTERVELT
v.
HAFF.

*street mentioned and described particularly in the said bill and hereinafter also particularly described or so much thereof as may be sufficient to raise the amount to be reported due to the said complainant and the said defendants for principal, interest and costs in this cause and which may be sold separately without material injury to the parties interested be sold at public auction, &c." "—— and that the said master pay to the said Francis W. Speck or his solicitor, out of the proceeds of the sale of the said lot No. 38 McDougall street, &c." —— " and out of the balance of the proceeds of the sale of the said two lots 38 McDougall street &c. remaining to pay to the complainant, &c." —— " and that he bring the surplus moneys arising from the said sale (if any there be) into court without delay to abide the further order of the court."*

The mortgagor, John P. Haff, appealed from the decree after the master had advertised a sale, such appeal embracing the parts we have above given; and it was so taken as to cause a stay. The defendant Francis W. Speck now presented a petition; and therein prayed that so much of the decree as was unappealed from might be enforced; that the property No. 38 McDougall street might be sold by a master; and that, out of the proceeds of the sale, the master pay the petitioner—and all balance abide the event of the appeal.

Mr. *H. M. Western*, for the petitioner.

Mr. *R. TenBroeck*, for the complainant.

Jan. 6,
1845.

THE VICE-CHANCELLOR :—The defendant, Francis W. Speck, must apply to the chancellor to dismiss the appeal, so far as it is taken from that part of the decree which directs a sale of the premises No. 38 McDougall street; for, as to that portion as well as other parts appealed from, I am apprehensive the appeal operates as a stay by virtue of the 86 § section of the statute relating to appeals. At the same time, I certainly think it ought not to have the effect of delaying Mr. Speck in the recovery of his mortgage debt; but still I see no other course for him to take, except that of ap-

plying to the chancellor to dismiss the appeal so far as it stands in the way of a sale for his benefit.